**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A.,

        Plaintiff,

  vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

        Defendants.

Case No.: 2:15-cv-01097-GMN-NJK

**AMENDED ORDER**

On March 21, 2018, the Court granted summary judgment to Plaintiff Bank of America, N.A., ("Plaintiff") because, under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the Alturas at Mountain's Edge Homeowners Association ("HOA") "foreclosed under a facially unconstitutional notice scheme" and therefore the "foreclosure sale cannot have extinguished" Plaintiff's deed of trust on the property. (Order 6:6–8, ECF No. 78). The Ninth Circuit has since held, however, that Nevada's homeowner's association foreclosure scheme is not facially unconstitutional because the decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was incorrect. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) (recognizing that Bourne Valley "no longer controls the analysis" in light of *SFR Investments Pool1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)). Moreover, for orders from this district that relied on *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), and were thereafter appealed, the Ninth Circuit recently began reversing and remanding such orders in light of *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019). *See, e.g.*, *U.S. Bank, N.A, v. SFR Investments Pool 1, LLC*, No. 18-16006, 2019 WL 6817304, at *1 (9th Cir. Dec. 13, 2019).

To preserve judicial resources, the Court expresses its willingness to reconsider or vacate its prior Order, (ECF No. 78).[1]  Accordingly, if the Court of Appeals for the Ninth Circuit remands this case in light of this Order,

**IT IS HEREBY ORDERED** that the parties shall have thirty days from the date of remand to file renewed dispositive motions.

**IT IS FURTHER ORDERED** that the Court's prior Order, (ECF No. 84), is now amended to conform with this Order.

The Clerk of Court shall reopen the case and deliver a copy of this Order to the United States Court of Appeals for the Ninth Circuit, Appeal Number 18-15703.

**DATED** this __26__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] The Court previously vacated its Order, (ECF No. 78), through a later Order filed on December 18, 2019. (*See* Order, ECF No. 84).  However, because this Court lacks jurisdiction over the aspects of the case properly involved in the current appeal, the Court now **AMENDS** the December 18, 2019 Order, (ECF No. 84), in part to indicate the Court's willingness to reconsider or vacate the prior judgment upon remand pursuant to Federal Rule of Civil Procedure 62.1. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (remanding to district court to permit reconsideration of the judgment pursuant to Fed. R. Civ. P. 62.1 and Fed. R. App. P. 12.1).